# EXHIBIT 1

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| THE WALTER E. CAMPBELL COMPANY<br>13135 Isle of Mann<br>Highland, Maryland 20777,<br>a Maryland corporation,<br><br>       Plaintiff,<br><br>v.<br><br>GENERAL INSURANCE<br>175 Berkeley Street<br>Boston, Massachusetts 02116,<br>a New Hampshire corporation,<br><br>THE CONTINENTAL<br>INSURANCE COMPANY<br>333 S. Wabash Avenue<br>Chicago, Illinois 60604,<br>a Pennsylvania corporation,<br><br>NATIONAL INDEMNITY COMPANY<br>3024 Harney Street<br>Omaha, Nebraska 68131,<br>a Nebraska corporation,<br><br>FEDERAL INSURANCE COMPANY<br>15 Mountain View Road<br>Warren, New Jersey 07059,<br>an Indiana corporation,<br><br>CRUM & FORSTER CORPORATION<br>305 Madison Avenue<br>Morristown, New Jersey 07962,<br>a New Jersey corporation,<br><br>UNITED STATES FIRE INSURANCE<br>COMPANY<br>305 Madison Avenue<br>Morristown, New Jersey 07962,<br>a Delaware corporation, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § |

Civil Action No.



RECEIVED
C... ...fice
JAN 0 7 2013
D...
Wash... D.C.

13-0000109

**THE HARTFORD FINANCIAL** §
**SERVICES GROUP, INC.** §
One Hartford Plaza §
Hartford, Connecticut 06155, §
a Connecticut corporation, §
　§
　§
**ST. PAUL FIRE & MARINE** §
**INSURANCE COMPANY** §
385 Washington Street §
St. Paul, Minnesota 55102, §
a Minnesota corporation, §
　§
　§
**PENNSYLVANIA MANUFACTURERS** §
**ASSOCIATION INSURANCE** §
**COMPANY** §
380 Sentry Parkway §
Blue Bell, Pennsylvania 19422, §
a Pennsylvania corporation, §
　§
　§
**PROPERTY & CASUALTY** §
**INSURANCE GUARANTY** §
**CORPORATION** §
305 Washington Avenue §
Suite 600 §
Towson, Maryland 21204, §
a Maryland corporation, §
　§
　§
　　　　Defendants. §

## COMPLAINT

### INTRODUCTION

The Walter E. Campbell Company ("WECCO") brings this action for declaratory judgment with respect to its rights under its primary and excess liability insurance policies that are responsive to asbestos bodily injury and wrongful death lawsuits presently asserted against the company, and which are expected to continue to be filed in the future (the "Asbestos Suits").

1. WECCO handled, installed, removed, disturbed, sold and distributed asbestos-containing products for several decades. For most of that time, it was headquartered in the District of Columbia. The District of Columbia thus is the location from which WECCO

DB1/ 72668950.2

- 2 -

conducted the majority of its business operations that have caused it to be a defendant in the asbestos litigation. The Asbestos Suits alleging exposure to asbestos during WECCO's work fall within the general liability coverage of the policies at issue, and thus are not subject to the "aggregate" limits of liability in the policies at issue. The defendants dispute this assertion, thus creating an actual controversy between the parties.

2. WECCO therefore seeks declarations that only the "per occurrence" limits of liability apply to the Asbestos Suits alleging exposure to asbestos during WECCO's work, and that the Asbestos Suits arise out of multiple "occurrences" as that term is defined under the policies at issue.

## JURISDICTION

3. Subject matter jurisdiction is based on D.C. Code § 11-921 (1981). Personal jurisdiction is founded on D.C. Code § 13-423 (1981).

## PARTIES

4. Plaintiff WECCO is a Maryland corporation with its principal place of business at 13135 Isle of Mann, Highland, Maryland 20777. For many decades, WECCO was in the business of handling, installing, disturbing, removing and selling asbestos-containing insulation materials. WECCO was headquartered in the District of Columbia until 1968. The asbestos plaintiffs' bar alleges that WECCO used asbestos-containing materials in its work throughout the period comprising the insurance policies at issue in this action.

5. Defendant General Insurance is a New Hampshire corporation with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116. General Insurance is in the business of issuing general liability insurance policies, including to WECCO.

6. Defendant The Continental Insurance Company ("Continental") is a Pennsylvania corporation with its principal place of business at 333 S. Wabash Avenue, Chicago, Illinois

60604. Continental is a successor in interest to Fidelity & Casualty of New York ("Fidelity & Casualty"). Fidelity & Casualty is or was in the business of issuing general liability policies, including to WECCO.

7. Defendant National Indemnity Company ("National Indemnity") is a Nebraska corporation with its principal place of business at 3024 Harney Street, Omaha, Nebraska 68131. National Indemnity is a successor in interest to Atlanta International Insurance Company ("Atlanta International"). Atlanta International is or was in the business of issuing general liability policies, including to WECCO.

8. Defendant Federal Insurance Company ("Federal") is an Indiana corporation with its principal place of business at 15 Mountain View Road, Warren, New Jersey 07059. Federal is in the business of issuing general liability insurance policies, including to WECCO.

9. Defendant Crum & Forster Corporation ("Crum & Forster") is a New Jersey corporation with its principal place of business at 305 Madison Avenue, Morristown, New Jersey 07962. Crum & Forster is a successor in interest to Crum & Forster/U.S. Insurance Group ("Crum/U.S. Insurance"). Crum/U.S. Insurance is, or was, in the business of issuing general liability insurance policies including to WECCO.

10. Defendant United States Fire Insurance Company ("U.S. Fire") is a Delaware corporation with its principal place of business at 305 Madison Avenue, Morristown, New Jersey 07962. U.S. Fire is allegedly a successor in interest to Crum/U.S. Insurance.

11. Defendant The Hartford Financial Services Group, Inc. ("The Hartford") is a Connecticut corporation with its principal place of business at One Hartford Plaza, Hartford, Connecticut 06155. The Hartford, under the name Hartford Insurance Group, is or was in the business of issuing general liability insurance policies, including to WECCO.

12. Defendant St. Paul Fire & Marine Insurance Company ("St. Paul") is a Minnesota corporation with its principal place of business at 385 Washington Street, St. Paul, Minnesota 55102. St. Paul is in the business of issuing general liability insurance policies, including to WECCO.

13. Defendant Pennsylvania Manufacturers Association Insurance Company ("PMA") is a Pennsylvania corporation with its principal place of business at 380 Sentry Parkway, Blue Bell, Pennsylvania 19422. PMA, under the name P.M.A. Insurance Company, is in the business of issuing general liability insurance policies, including to WECCO.

14. Defendant Property & Casualty Insurance Guaranty Corporation ("PCIGC") is a Maryland corporation with its principal place of business at 305 Washington Avenue, Suite 600, Towson, Maryland 21204. PCIGC is established and authorized by Md. Code, his. § 9-301, et seq., to pay covered claims to Maryland policyholders on behalf of insolvent insurance companies. American Mutual Liability Insurance Company ("American Mutual") and Centennial Insurance Company ("Centennial") are two such insolvent insurers that issued liability policies to WECCO.

## FACTUAL BACKGROUND

### WECCO's History and Operations

15. Walter E. Campbell founded WECCO in the District of Columbia in or about 1944 as a small family-owned and operated insulation business. Throughout its history, WECCO's business centered on the District of Columbia, and in the immediately surrounding areas. WECCO was headquartered in the District of Columbia until 1968.

16. WECCO began as a contractor installing insulation for high temperature and high pressure pipes, boilers, and duct work. It later also sold these products, as well. WECCO never manufactured asbestos-containing materials.

17. Some of the materials WECCO installed and sold contained asbestos. The asbestos plaintiffs' bar alleges that this occurred at least during the entire period of insurance coverage at issue in this action.

### WECCO's Insurance Coverage

18. From at least 1963 through 1985, WECCO purchased various primary and excess general liability insurance policies from a number of insurers that are responsive to the Asbestos Suits.

19. American Mutual issued primary insurance policies to WECCO covering the period beginning in or about 1963 through to November 19, 1972. The American Mutual primary policies, numbered 57259-C, 931936-02-4-C, 931936-02-5-C, 931936-02-6-C, 931936-02-7-C, 931936-02-8-C, 931936-02-9-C, 931936-02-10-C, 931936-02- 11-C, provides per occurrence and annual aggregate limits of $1,000,000 for bodily injury.

20. Continental, through its predecessor, Fidelity & Casualty, issued policy number L-64-05-56 to WECCO covering the period from November 19, 1972 to March 1, 1973. That policy provides per occurrence and annual aggregate limits of $300,000 for bodily injury.

21. National Indemnity, through its predecessor, Atlanta International, issued policy number L-6295183 to WECCO covering the period from March 1, 1973 to March 1, 1974. That policy provides per occurrence and annual aggregate limits of $300,000 for bodily injury.

22. Centennial issued policy number 462-00-74-73 to WECCO covering the period from March 1, 1973 to March 1, 1974. That policy provides per occurrence and annual aggregate limits of $2,000,000 for bodily injury.

23. Federal issued excess insurance policies to WECCO covering the period April 1, 1984 to April 1, 1986. The Federal excess policies, numbered 857961-81-24 and 86-7961-81-24, provide per occurrence and annual aggregate limits of $10,000,000 for bodily injury.

24. General Insurance issued primary insurance coverage to WECCO from March 1, 1974 to April 1, 1974 (which comprises an annual period), and a three-year policy incepting on April 1, 1974 (collectively, the "General Primary Coverage"). General Insurance agrees that treated each of the three periods of the General Primary Coverage, March 1, 1974 to April 1, 1974, April 1, 1974 to April 1, 1975, and April 1, 1975 to May 1, 1975, as a separate policy period with separate per occurrence and aggregate limits of $300,000 for bodily injury.

25. General Insurance issued an excess insurance policy to WECCO covering the period from April 1, 1974 to April 1, 1975 (the "General Excess Policy"). The General Excess Policy provides per occurrence and aggregate limits of $2,000,000 for bodily injury, with separate limits for the "products hazard" and the "completed operations hazard."

26. The remaining Defendants (Crum & Forster, U.S. Fire, The Hartford, St. Paul and PMA) issued primary and/or excess policies of insurance to WECCO at various times from May 1, 1975 through at least April 1, 1986, and from time to time funded the defense and resolution of the Asbestos Suits.

### WECCO's Asbestos Litigation History

27. For more than a decade after it was first sued by individuals claiming asbestos-related injuries in the mid-1980s, WECCO was a peripheral defendant. Claims were resolved by the making of modest, if any, payments to asbestos plaintiffs.

28. The situation changed in the late 1990s when plaintiffs' law firms began to target WECCO. Since that time, hundreds of claims against WECCO have been resolved, costing tens of millions of dollars. The insurers assert that all of the payments they have made to resolve the Asbestos Suits were covered under either the "products hazard" or the "completed operations hazard" portions of their policies and thus are subject to the aggregate limits of liability therein. WECCO disputes this assertion and contends that claims of asbestos injury and death that arise

Case 1:12-cv-03307-WMN   Document 40-2   Filed 01/10/13   Page 9 of 11

from WECCO work-in-progress are covered under the general liability portions of the policies and thus are subject only to their "per occurrence" limits. There is no limit to the number of "occurrences" to which the policies respond.

29. At present, hundreds of Asbestos Suits are pending against WECCO. None of the Asbestos Suits for which WECCO seeks coverage from its insurers (or from PCIGC in the place of American Mutual and Centennial) were pending, or even existed, in the 1980s or the 1990s. WECCO expects to continue to receive Asbestos Suits in the future and thus, in part, seeks prospective declaratory relief from the Court to settle the actual controversy that exists between the parties.

## COUNT I
## DECLARATORY JUDGMENT
## (Against All Defendants)

30. WECCO incorporates the allegations of Paragraphs 1 through 29 in full by this reference.

31. An actual and justiciable controversy exists between WECCO and Defendants concerning the particular coverage in the policies that responds to Asbestos Suits alleging exposure to asbestos *during* WECCO's work.

32. WECCO asserts that claims of asbestos exposure during its work are covered under the general liability portion of its policies. The insurers' obligation to pay under that portion of the policy is subject to a "per occurrence" limit of liability, but not an "aggregate" limit of liability. The "aggregate" limit of liability in the policies only applies to damages for bodily injury that is within either the "products hazard" or the "completed operations hazard," as defined. The recognized, historical purpose of the "products hazard" and the "completed operations hazard" in the policies is to insure against the risk that the product or work, if defective, may cause bodily injury or damage to property of others after leaving the insured's

hands. If injury or damage is not shown to have been caused by the insured's completed work, or the insured's product after the relinquishment of possession, the claim for damages in within the general liability portion of the policies.

33. The insurers, however, assert that all of the Asbestos Suits are within either the "products hazard" or the "completed operations hazard" of the policies and thus are subject to the "aggregate" limits of liability therein. In particular, General Insurance asserts that "because WECCO ceased all operations involving materials alleged to contain asbestos in 1972" – before issuance of the General Insurance policies – then the Asbestos Suits automatically, and without analysis, fall under the "products hazard" and/or the "completed operations hazard" in its policies.

34. The effect of the position asserted by the insurers, as set forth by General Insurance, is indisputably to place the current and future Asbestos Suits alleging exposure to asbestos during WECCO's work within the general liability portion of the policies issued to WECCO before 1972, particularly the policies issued by American Mutual. American Mutual is, however, insolvent and unable to pay claims in the normal course. These particular Asbestos Suits are general liability "covered claims" against PCIGC, standing in the shoes of American Mutual, as that term is used § 9-301 of the Maryland Insurance Code.

35. WECCO and the insurers nevertheless dispute whether Asbestos Suits alleging exposure to asbestos *during* WECCO's work – either before or during the insurers' policy periods – are within the general liability portion of the policies. A declaration of the parties' respective rights and obligations therefore is appropriate at this time to resolve the actual controversy that exists as to coverage for the present and future Asbestos Suits against WECCO.

36. WECCO also asserts that the Asbestos Suits arise out of multiple "occurrences"

as that term is defined in the policies at issue. The insurers assert that the Asbestos Suits arise out of a single "occurrence" under the policies, thus creating another actual controversy for resolution by the Court.

WHEREFORE, WECCO prays as follows:

1. For a declaration that the present and future Asbestos Suits alleging exposure to asbestos during WECCO's work are within the general liability portion of the policies at issue and are subject only to the "per occurrence" limits of liability in the policies;

2. For a declaration that the present and future Asbestos Suits against WECCO arise out of multiple "occurrences" as that term is defined in the policies at issue;

3. For costs of suit;

4. For such other relief as the Court may deem appropriate.

Respectfully submitted,

_____
Steven A. Luxton
D.C. Bar No. 470468
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone: (202) 739-5452
Facsimile: (202) 739-3001
Email: sluxton@morganlewis.com

**ATTORNEYS FOR PLAINTIFF
WALTER E. CAMPBELL COMPANY**