UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WALTER E. CAMPBELL CO., INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 13-2062 (ABJ) |
| HARTFORD FINANCIAL SERVICES GROUP, INC., *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Plaintiff Walter E. Campbell Company ("WECCO") originally brought this action in the Superior Court of the District of Columbia, seeking a declaratory judgment to resolve an insurance dispute between WECCO and eight insurance company defendants, as well as former defendant Property and Casualty Insurance Guaranty Corporation ("PCIGC"). *Walter E. Campbell Co. v. Hartford Fin. Servs. Grp., Inc.*, 959 F. Supp. 2d 166, 168 (D.D.C. 2013); *see also Walter E. Campbell Co. v. Gen. Ins.*, No. 2013 CA 109 B (D.C. Super. Ct. Dec. 26, 2013) (dismissing defendant PCIGC for lack of personal jurisdiction) [Dkt. # 1-2] ("Super. Ct. Order"). Both WECCO and PCIGC are Maryland corporations with Maryland as their principal place of business. *Walter E. Campbell Co.*, 959 F. Supp. 2d at 168. None of the other defendants is incorporated in Maryland. Compl. ¶¶ 5–13 [Dkt. # 1-1].

Defendants first removed this action to this court on February 11, 2013, arguing that WECCO had fraudulently joined PCIGC, and that therefore, there was complete diversity among the parties for purposes of 28 U.S.C. § 1332(a). *Walter E. Campbell Co.*, 959 F. Supp. 2d at 168. The Court disagreed, finding that defendants had not proven that PCIGC was fraudulently

joined, and remanded the case. *Id.* at 168. The Superior Court then held that it lacked personal jurisdiction over PCIGC and dismissed PCIGC from the case. Super. Ct. Order at 10.

The remaining defendants removed the case to this court again on December 30, 2013. Notice of Removal at 1 [Dkt. # 1]. WECCO has again moved to remand the case back to the Superior Court, invoking the "well-established 'voluntary-involuntary' rule," *Shepherd v. Am. Broad. Cos., Inc.*, No. 88-0954 (RCL), 1988 WL 110602, at *1 (D.D.C. Oct. 11, 1988), which holds that federal diversity jurisdiction cannot be created by the dismissal of a defendant when that dismissal is against the will of the plaintiff. Mot. to Remand at 1 [Dkt. # 3]; *see also Whitcomb v. Smithson*, 175 U.S. 635, 638 (1900) (holding that a "ruling on the merits . . . adverse to plaintiff, and without his assent . . . did not operate to make the cause then removable"). Defendants counter that the voluntary-involuntary rule does not apply in this case because PCIGC was fraudulently joined at the outset. Defs.' Mem. in Opp. to Pl.'s Mot. to Remand at 8 [Dkt. # 16] ("Defs.' Opp."); *see also Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir. 1988) ("Fraudulent joinder is a well established exception to the voluntary-involuntary rule."). The Court finds that the Superior Court's dismissal of PCIGC does not compel a finding that PCIGC was fraudulently joined, and so the voluntary-involuntary rule does bar removal of this case. For that reason, the Court will again remand the case to the Superior Court of the District of Columbia.

## STANDARD OF REVIEW

A defendant may remove a state court action to federal court only when the case originally might have been brought in the federal court, including on the basis of diversity of citizenship. 28 U.S.C. § 1441(a); *see also Neal v. Brown*, 980 F.2d 747, 747–48 (D.C. Cir. 1992) (permitting removal where there is "complete diversity of citizenship and no defendant properly

joined and served is a citizen of the state in which the action is brought"); *Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 126 (D.D.C. 2013) ("A defendant has the right to remove to federal court an action brought in state court where the federal court has original subject matter jurisdiction . . . ."). Diversity jurisdiction exists when the amount in controversy exceeds $75,000 per plaintiff, exclusive of interest and costs, and when the matter in controversy is between citizens of different states. 28 U.S.C. § 1332(a). When a federal court lacks subject matter jurisdiction over a dispute removed from state court, the court must remand the action back to the state court. 28 U.S.C. § 1447(c). The removing party bears the burden of showing that the federal court has subject matter jurisdiction over the action. *Wexler v. United Air Lines*, 496 F. Supp. 2d 150, 152 (D.D.C. 2007). "[I]f federal jurisdiction is doubtful, a remand to state court is necessary." *Breakman v. AOL, LLC*, 545 F. Supp. 2d 96, 100 (D.D.C. 2008), quoting *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2003) (en banc); s*ee also Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002) ("When it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case . . . .").

In support of a removal petition, defendants may submit affidavits and deposition transcripts; and in support of a motion for remand, a plaintiff may submit affidavits and deposition transcripts to supplement the factual allegations contained in the verified complaint. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). In assessing the motion for remand, the court must assume all of the facts set forth by plaintiff to be true and resolve all uncertainties as to state substantive law in favor of the plaintiff. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

**ANALYSIS**

The "well-established 'voluntary-involuntary' rule" provides that a district court may not exercise diversity jurisdiction over a case when the diversity was created by the "involuntary" dismissal of a defendant. *Shepherd*, 1988 WL 110602 at *1; *see also Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918) (stating that a case cannot become removable unless by "voluntary amendment of his pleadings by the plaintiff" or "by voluntary dismissal" of a party by the plaintiff); *Am. Car & Foundry Co. v. Kettelhake*, 236 U.S. 311, 316 (1915) (noting that "the discontinuance as to [the non-diverse defendant must be] voluntary on the part of the plaintiff"); *Cartier v. Wells Fargo Bank, N.A.*, 547 F. App'x 800, 804 (8th Cir. 2013) (applying the voluntary-involuntary rule); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 761 (11th Cir. 2010) ("The traditional rule is that only a voluntary act by the plaintiff may convert a non-removable case into a removable one."). A defendant's dismissal is "involuntary" if it is against the will of the plaintiff, such as when it was the result of the unilateral action of a court. *See Self v. Gen. Motors Corp.*, 588 F.2d 655, 660 (9th Cir. 1978) (holding that a final judgment is an involuntary dismissal); *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 548 (5th Cir. 1967) (ruling that dismissal by directed verdict was involuntary). If, however, the involuntarily-dismissed defendant was fraudulently joined – and, therefore, did not belong in the case to begin with – then the voluntary-involuntary rule does not prevent a district court from exercising diversity jurisdiction when the other requirements of 28 U.S.C. § 1332(a) are met. *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914) ("[The] right of removal cannot be defeated by a

fraudulent joinder of a resident defendant having no real connection with the controversy."); *see also Insinga*, 845 F.2d at 254.[1]

In bringing a claim of fraudulent joinder, the removing party bears the heavy burden of proving that either: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the . . . defendant into state court." *In re Tobacco/Governmental Health Care Costs Litig.*, 100 F. Supp. 2d 31, 39 (D.D.C. 2000), quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). In other words, the defendant must show that the plaintiff has "no possibility of a right to relief." *Brown v. Brown & Williamson Tobacco Corp.*, 26 F. Supp. 2d 74, 77 (D.D.C. 1998), quoting *Richardson v. Phillip Morris Inc.*, 950 F. Supp. 700, 702 (D. Md. 1997); *see also Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996) ("Our evaluation of fraudulent joinder claims . . . merely considers whether there is any possibility that the plaintiff might prevail."). Fraudulent joinder, however, is not equivalent to improper joinder: "[a] party . . . can be improperly joined without being fraudulently joined." *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006).

Defendants do not dispute that PCIGC was involuntarily dismissed from this case. Defs.' Opp. at 4–5. Rather, they renew their argument that PCIGC was fraudulently joined at the outset. *Id.* Therefore they contend that the voluntary-involuntary rule does not bar removal in

---

1    In 1949, the statute governing the removal of cases, 28 U.S.C. § 1446(b) (2012), was amended to allow for removal of cases that are not removable when filed, but become removable at some point after filing. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71–72 (7th Cir. 1992). Every court to consider whether the voluntary-involuntary rule survived the 1949 amendment has held that it did. *Id.* at 72; *see also Davis v. McCourt*, 226 F.3d 506, 510 n.3 (6th Cir. 2000); *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988); *Insinga*, 845 F.2d at 252–55; *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986); *In re Iowa Mfg. Co. of Cedar Rapids, Iowa*, 747 F.2d 462, 464 (8th Cir. 1984); *Quinn v. Aetna Life & Cas. Co.*, 616 F.2d 38, 40 n.2 (2d Cir. 1980); *DeBry v. Transamerica Corp.*, 601 F.2d 480, 487–88 (10th Cir. 1979); *Weems*, 380 F.2d at 548–49.

this case. *Id.* at 12; *see also Mayes v. Rapoport*, 198 F.3d 457, 461 n.9 (4th Cir. 1999) (noting that the fraudulent joinder doctrine has been applied as an exception to the voluntary-involuntary rule).

The Court previously rejected defendants' contention that PCGIC was fraudulently joined because defendants had failed to establish that PCIGC would not be subject to personal jurisdiction in the District of Columbia, and therefore had not proven that there was "no possibility" that WECCO could establish a cause of action against PCIGC. *Walter E. Campbell Co.*, 959 F. Supp. 2d at 173–74. Now, defendants claim that, "equipped with the D.C. Superior Court's . . . Order, this Court *knows*" that there is no personal jurisdiction over PCIGC in the District. Defs.' Opp. at 6–7. Therefore, they argue, PCIGC was fraudulently joined, after all.[2] *Id.* at 12.

But improper joinder is not the same as fraudulent joinder. *See Crockett*, 436 F.3d at 533. The Superior Court's detailed decision hinged on the court's determinations that PCIGC's role as the guarantor of insurance contracts does not constitute "contracting to insure" under the District of Columbia long-arm statute, D.C. Code § 13-423(a)(6) (2012), and that PCIGC lacked sufficient minimum contacts with the District for purposes of due process. Super. Ct. Order at 7–10, 11–12. The Superior Court's opinion dismissing PCIGC for lack of personal jurisdiction is not proof that there was "no possibility" that plaintiff *could* have established a cause of action against PCIGC and, if anything, it indicates that the question was close. Therefore, the dismissal of PCIGC does not undermine this Court's previous ruling that defendants have not met their

---

2    Defendants also argue that the Superior Court's finding of lack of personal jurisdiction over PCIGC should constitute *per se* fraudulent joinder, citing *Insinga*, 845 F.2d at 254. Defs.' Opp. at 8. But the portion of *Insinga* that defendants cite is merely dicta and has not been followed by other circuits. *See, e.g.*, *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 978 (8th Cir. 2011); *see also Greco v. Beccia*, No. 99-CV-2136, 2001 WL 121887, at *4–5 (M.D. Pa. Feb. 13, 2001).

6

burden to establish that PCIGC was fraudulently joined. *See Walter E. Campbell Co.*, 959 F. Supp. 2d. at 174.

As there is no dispute that PCIGC was involuntarily dismissed, the voluntary-involuntary rule prevents this Court from assuming diversity jurisdiction over this case. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir. 1992) (applying the voluntary-involuntary rule and finding remand appropriate); *Weems*, 380 F.2d at 546 (holding remand not proper after applying the voluntary-involuntary rule). Therefore, the Court will grant plaintiff's motion and remand this case to the Superior Court of the District of Columbia.

## CONCLUSION

Because the Court finds that the Superior Court's ruling does not indicate that PCIGC was fraudulently joined at the outset of this case, the voluntary-involuntary rule prevents the Court from assuming diversity jurisdiction now. Accordingly, the Court will grant plaintiff's motion and will remand this case to the Superior Court of the District of Columbia. A separate order will issue.

/s/ Amy B Jackson
_____
AMY BERMAN JACKSON
United States District Judge

DATE: June 12, 2014